DAVID A. HUBBERT
Deputy Assistant Attorney General

AMY MATCHISON (CA Bar No. 217022)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 307-6422
Fax:           (202) 307-0054
E-mail: Amy.T.Matchison@usdoj.gov
        Western.Taxcivil@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> PAYWARD VENTURES INC., d/b/a KRAKEN OR KRAKEN.COM, OR ITS PREDECESSORS, SUBSIDIARIES, DIVISIONS, OR AFFILIATES, <br><br> Respondent. | Civil Number: <br><br> **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |

The United States of America, through undersigned counsel, petitions this Court for an order enforcing an Internal Revenue Service summons served on respondent Payward Ventures Inc. & Subsidiaries pursuant to 26 U.S.C. § 7602.

In support of this petition, the United States alleges as follows:

1.     This is a proceeding brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code (Title 26, United States Code) for judicial enforcement of an IRS summons described below.

2.     The Court has jurisdiction over this proceeding pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1345.  Venue properly lies within this district.

3.     This proceeding is appropriate for assignment to the San Francisco or Oakland Divisions

1  since Payward Ventures Inc. & Subsidiaries is headquartered in the County of San Francisco.

2      4.    The IRS is conducting an investigation to determine the identity and correct federal income tax liability of U.S. persons who conducted transactions in cryptocurrency for the years ended December 31, 2016, 2017, 2018, 2019, and 2020.  Declaration of Karen Cincotta in Support of Petition to Enforce Internal Revenue Service Summons (Cincotta Decl.) at ¶ 2.

    5.    On March 30, 2021, the United States filed an ex parte Petition seeking the Court's permission to serve an administrative summons upon Payward Ventures & Subsidiaries.  *In the Matter of the Tax Liabilities of John Does*, Docket No. 1, Case No. 3:21-cv-02201-JCS (N.D. Ca. March 30, 2021).

    6.    On May 5, 2021, the Court gave the IRS permission to serve the summons upon Payward Ventures Inc. & Subsidiaries.  *Id.* at Docket No. 9.

    7.    Karen Cincotta is a Supervisory Revenue Agent assigned to the IRS's Offshore Compliance Initiatives program.  Cincotta Decl. ¶ 1.

    8.    In furtherance of the investigation for the years ended December 31, 2016, 2017, 2018, 2019, and 2020, in accordance with 26 U.S.C. § 7602, on May 11, 2021, a summons was issued directing Payward Ventures Inc. & Subsidiaries to produce for examination books, records, papers, and other data as described in the summons.  Cincotta Decl. ¶ 4.

    9.    In furtherance of the investigation, in accordance with 26 U.S.C. § 7609(f), and pursuant to the Court's Order, an attested copy of the summons was served on Payward Ventures Inc. & Subsidiaries.  Pursuant to the agreement of the parties, David Kirk, a Law Enforcement Production Supervisor at Payward Ventures, Inc., accepted service of the summons by e-fax on May 11, 2021.  Cincotta Decl. ¶ 5.

    10.    Despite discussions between the parties,  Payward Ventures Inc. & Subsidiaries has failed to comply with the summons and has not produced the books, records, papers, and other data demanded in the summons.  Payward Ventures Inc. & Subsidiaries' failure to comply with the summons continues to this date.  Cincotta Decl. ¶¶ 148, 149.

    11.    The books, records, papers, and other data demanded in the summons are not already in the possession of the IRS.  Cincotta Decl. ¶ 150.

12. The information sought in the summons may be relevant to the IRS's investigation into the identities and federal tax liabilities of cryptocurrency users who have failed or may be failing to comply with their federal tax obligations. Cincotta Decl. ¶¶ 2, 87, 88.

13. All administrative steps as required by the Internal Revenue Code for issuance and service of the summons have been followed. Cincotta Decl. ¶ 151.

14. The identities of the John Does are unknown. Accordingly, the IRS does not know whether there is any "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to any unknown John Does for the taxable periods ending December 31, 2016, 2017, 2018, 2019, and 2020. Cincotta Decl. ¶ 152.

15. To obtain enforcement of a summons, the petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Government's burden under *Powell* is a slight one and is typically satisfied by a sworn declaration from the IRS that the requirements for enforcement articulated in *Powell* have been met. *See Fortney v. United States,* 59 F.3d 117, 120 (9th Cir. 1995) (citing *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir. 1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

16. In further support of this Petition and incorporated herein by reference, the United States submits the Declaration of Karen Cincotta with the exhibit attached thereto. The United States has met the *Powell* factors through these documents.

WHEREFORE, petitioner, the United States of America, seeks the following relief:

A. That this Court enter an order directing Payward Ventures Inc. & Subsidiaries to show cause in writing why it should not fully comply with and obey the aforementioned summons;

B. That this Court enter an order directing Payward Ventures Inc. & Subsidiaries to appear before Revenue Agent Cincotta, or any other proper officer or employee of the Internal Revenue Service, and produce for examination books, records, papers and other data as required by the summons;

C. That the United States of America recover its costs in this action; and

1   D.  That the Court grant such other further relief as it deems just and proper.

2   Dated this 3rd day of February, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Amy Matchison*
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice