1  GRANT P. FONDO (SBN 181530)
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, CA  94063
   Tel.: +1 650 752 3100
4  Fax: +1 650 853 1038

5  AMANDA H. RUSSO (SBN 319617)
   *ARusso@goodwinlaw.com*
6  **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41st Floor
7  Los Angeles, CA  90017
   Tel.: +1 213 426 2500
8  Fax: +1 213 623 1673

9  Attorneys for Respondent
   PAYWARD VENTURES, INC., d/b/a
10 KRAKEN OR KRAKEN.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD VENTURES INC., d/b/a KRAKEN OR KRAKEN.COM, OR ITS PREDECESSORS, SUBSIDIARIES, DIVISIONS, OR AFFILIATES,<br><br>Respondent. | Case No. 3:23-MC-80029-JCS<br><br>**DECLARATION OF GRANT P. FONDO IN SUPPORT OF PAYWARD VENTURES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS AND SUPPORTING DECLARATION**<br><br>Date:        May 19, 2023<br>Time:        9:30 a.m.<br>Courtroom:   F (15th Floor)<br>Judge:       Hon. Joseph C. Spero |

**DECLARATION OF GRANT P. FONDO**

I, Grant P. Fondo, do hereby declare and state as follows:

1. I am a partner in the law firm of Goodwin Procter LLP, counsel of record for Payward Ventures, Inc., d/b/a Kraken or Kraken.com ("Kraken") in the above-entitled case. I am licensed to practice law in the State of California, and I am duly admitted to practice in the U.S. District Court for the Northern District of California. I submit this declaration in support of Kraken's Administrative Motion to File Under Seal Portions of Opposition to Petition to Enforce the IRS Summons and Supporting Declaration. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to the matters set forth herein.

2. The portions identified in the following document contain Kraken's confidential business information:

| Document | Portions of Document to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Opposition to Petition to Enforce Internal Revenue Summons (ECF No. 16) | Portions highlighted in yellow | Kraken |
| Declaration of Todd Siemers in Support of Opposition to Petition to Enforce Internal Revenue Summons (ECF No. 16-4) | Portions highlighted in yellow | Kraken |

3. The materials identified above (the "Redacted Materials") contain references to Kraken's confidential and proprietary business information, including details regarding the innerworkings of Kraken's IT processes, commercial data regarding its userbase and their transactions, and information regarding its data and information storage systems and practices, as reflected in the Declaration of Todd Siemers. This includes Kraken's data and information storage systems, practices, and protocols, including information relating to the types of user data stored internally by Kraken, where and how that information is stored, and types and storage of transactional data generated; internal metrics as to Kraken clients based on certain threshold values

DECLARATION OF GRANT P. FONDO IN SUPPORT OF
ADMINISTRATIVE MOTION TO FILE UNDER SEAL                        Case No. 3:23-MC-80029-JCS

of transaction history and transaction type; and Kraken's IT department functionality and analytical capabilities.

4. I understand that Kraken's internal metrics as to clients and transactions pertaining to those clients are confidential, and certain types of information regarding Kraken's internal data storage practices, protocols, and systems, and internal IT functionality and analytical capabilities like those identified in the Redacted Materials are not shared publicly.

5. I understand that the public disclosure of Kraken's confidential business information could lead to substantial harm to users and Kraken's business interests and competitive standing. Given the nature of the information, if publicly disclosed it could substantially harm Kraken and its users by providing potential cyberattacks insight into its data storage practices and protocols and creating an increased security risk. This increased risk could jeopardize users' digital assets, as well as Kraken's goodwill and competitive standing with its clients in light of that threat.

6. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Kraken's confidential business information, the public disclosure of which leads to the risk mentioned above.

7. On April 24, 2023, the undersigned reached out and had initial conversations with the government as to the redacted information. The parties discussed some of Kraken's redactions; the government initially identified a few categories of concern, and Kraken agreed to re-consider certain redactions. The parties further agreed to speak later this week in order to determine whether the parties can reach agreement as to at least some of the proposed redactions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of April, 2023 in Redwood City, California.

/s/ Grant P. Fondo
Grant P. Fondo