DAVID A. HUBBERT
Deputy Assistant Attorney General

AMY MATCHISON (CA Bar No. 217022)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 307-6422
Fax:              (202) 307-0054
Email: Amy.T.Matchison@usdoj.gov
           Western.Taxcivil@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> PAYWARD VENTURES INC., d/b/a KRAKEN OR KRAKEN.COM, OR ITS PREDECESSORS, SUBSIDIARIES, DIVISIONS, OR AFFILIATES, <br><br> Respondent. | Civil Number: 3:23-mc-80029-JCS <br><br> **UNITED STATES' RESPONSE TO PAYWARD VENTURES, INC.'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS AND SUPPORTING DECLARATION** |

Payward Ventures, Inc. ("Kraken") has filed an amended administrative motion to file under seal portions of its opposition and the supporting declaration of Todd Siemers. (ECF No. 19). Kraken's amended motion should be denied for the same reasons as its belated initial motion.

Although the newly proposed and less redacted versions of Kraken's opposition and supporting declaration of Todd Siemers are an improvement over its first versions, they still suffer the same fatal flaw. That is, that the material Kraken seeks to keep out of the public record fails to meet the standard in this Court for sealing because none of it should be considered confidential and proprietary business information. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (a party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, and sealing decisions cannot rest on "hypothesis or conjecture") (citations omitted). Kraken's amended

United States' Response to Amended
Administrative Motion to Seal                    1

motion continues to assert that the redacted information reveals sensitive details of its IT processes and the manner and method of its data storage.  But even in the lesser redacted versions, there is no such detail.  Consistent with the representations Kraken makes on its own website (EDF No. 19 at 3-5), the public would expect that Kraken maintains a data storage system for the user data it collects.  The fact that it does what it says it will do on its website is fatal it its argument that the redacted information is confidential or proprietary.  Also fatal is Kraken's failure to submit a declaration from a competent witness to prove that the revised redactions are confidential or proprietary.  Kraken's legal counsel's "understanding" is not sufficient.  Fed R. Evid. 602.

In sum, Kraken still fails to show a "compelling reason" sufficient to outweigh the public's interest in disclosure and open access to the information. *Kamakana*, 447 F.3d at 1178-1179; *Williams v. Apple, Inc*., No. 19-CV-04700-LHK, 2021 WL 2476916 (N.D. Cal. June 17, 2021) (denying Apple's request to seal as to server information regarding iCloud data storage for lack of compelling reasons, noting that Apple had "publicly admitted to using third party servers").  For the foregoing reasons and those articulated in the United States' initial response (ECF No. 18), the Court should deny the amended administrative motion to seal, and Kraken's redacted documents should be stricken from the docket and refiled unredacted.

Dated this 3rd day of May, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Amy Matchison*
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice