DAVID A. HUBBERT
Deputy Assistant Attorney General

AMY MATCHISON (CA Bar No. 217022)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:      (202) 307-6422
Fax:             (202) 307-0054
E-mail: Amy.T.Matchison@usdoj.gov
         Western.Taxcivil@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PAYWARD VENTURES INC., d/b/a ) <br> KRAKEN OR KRAKEN.COM, OR ITS ) <br> PREDECESSORS, SUBSIDIARIES, ) <br> DIVISIONS, OR AFFILIATES, ) <br> ) <br> Respondent. ) <br> ) | Civil Number:  3:23-mc-80029-JCS <br><br> **UNITED STATES' ADMINISTRATIVE MOTION REQUESTING THE COURT CONSIDER WHETHER MATERIAL IN ITS RESPONSE TO PAYWARD VENTURES INC.'S OPPOSITION TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS AND SUPPORTING DECLARATION SHOULD BE FILED UNDER SEAL** |

Payward Ventures, Inc. ("Kraken") has filed two belated administrative motions to file under seal portions of its opposition and the supporting declaration of Todd Siemers. (ECF Nos. 17 and 19), Because the Court had yet to rule on either motion, the United States filed its reply brief and supporting declaration on Friday, May 5, with redactions consistent with what Kraken filed. (ECF Nos. 21, 21-1). Along with its filings, the United States filed a notice stating that it submitted redacted documents over objections as stated in its filed oppositions (ECF Nos. 18-20) only to preserve the record for the Court's decision.  Further, that the filing of the redacted versions was not a concession that the documents were properly sealed or that Kraken's redactions were appropriate. (ECF No. 22). Immediately after filing, the United States emailed copies of its unredacted documents to jcspo@cand.uscourts.gov and opposing

counsel. Counsel for Kraken used the same email address for chambers when it emailed its unredacted versions on April 24, 2023.

On May 5, 2023, the Court issued an order directing the United States to comply with Civil Local Rule 79-5(f) which requires the filing of a motion requesting that the Court consider sealing the material in its reply brief and the supporting declaration that is the subject of Kraken's motion to seal. (ECF No. 23). It also indicated that the United States had failed to provide it with unredacted versions of its documents. Today, the United States has again emailed copies of its unredacted documents to jcspo@cand.uscourts.gov, 9Docketing@cand.uscourts.gov, and opposing counsel.

Except for a narrow range of documents that are traditionally secret, this Court begins its sealing analysis with a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). Consistent with this view, the Department of Justice takes the position that court proceedings should be open and that documents generally should not be filed under seal. *See* 28 C.F.R. § 50.9.

Civil Local Rule 79-5(c)(1) requires a party seeking to file documents under seal to submit "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

None of the information redacted in the United States' filings (ECF Nos. 21-21-1) meets this rigorous standard. As the United States has articulated, the information Kraken seeks to have protected from the public view is not confidential or proprietary. It does not implicate legitimate private or public interests and the only injury Kraken has identified is speculative at best, especially considering how much information it already offers to the public on its website. The United States does not believe that any of its redactions are appropriate and makes this motion to keep those items under seal only to preserve the Court's ability to decide the merits of Kraken's two belated administrative motions.

For these reasons, the Court should grant the United States' motion that it consider sealing the material in its reply brief and supporting declaration that is the subject of Kraken's motion to seal.  The United States further requests that Kraken's motions to seal be denied.

Dated this 8th day of May, 2023.

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

        */s/ Amy Matchison*
        AMY MATCHISON
        Trial Attorney, Tax Division
        U.S. Department of Justice