1 | GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
2 | **GOODWIN PROCTER LLP**
601 Marshall Street
3 | Redwood City, CA 94063
Tel.: +1 650 752 3100
4 | Fax: +1 650 853 1038

5 | AMANDA H. RUSSO (SBN 319617)
*ARusso@goodwinlaw.com*
6 | **GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
7 | Los Angeles, CA 90017
Tel.: +1 213 426 2500
8 | Fax: +1 213 623 1673

9 | Attorneys for Respondent
PAYWARD VENTURES, INC., d/b/a
10 | KRAKEN OR KRAKEN.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 3:23-MC-80029-JCS |
|---|---|
| Plaintiff, | **PAYWARD VENTURES, INC.'S STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3)** |
| v. | |
| PAYWARD VENTURES INC., d/b/a KRAKEN OR KRAKEN.COM, OR ITS PREDECESSORS, SUBSIDIARIES, DIVISIONS, OR AFFILIATES, | Date: May 19, 2023
Time: 9:30 a.m.
Courtroom: F (15th Floor)
Judge: Hon. Joseph C. Spero |
| Respondent. | |

PAYWARD VENTURES, INC.'S LOCAL RULE 79-5(F)(3) STATEMENT    Case No. 3:23-MC-80029-JCS

Pursuant to Civil Local Rule 79-5(f)(3), Respondent Payward Ventures, Inc. ("Kraken") hereby submits this statement in response to the Government's Second Administrative Motion Requesting the Court Consider Whether Material in Its Response to Kraken's Opposition to Petition to Enforce Internal Revenue Service Summons and Supporting Declaration Should Be Filed Under Seal ("Motion to Consider Sealing") (ECF No. 26).

Kraken seeks the continued sealing of portions of the Government's Response to Kraken's Opposition to Petition to Enforce Internal Revenue Service Summons ("Response") (ECF No. 21) and the Second Declaration of Karen Cincotta in Support of United States' Petition to Enforce Internal Revenue Service Summons ("Second Cincotta Declaration") (ECF No. 21-1), which the Government provisionally filed under seal. Certain of this information (identified below) contain, summarize, or reflect the contents of materials that Kraken designated as confidential and provisionally filed under seal in its Opposition to Petition to Enforce Internal Revenue Summons ("Opposition") (ECF No. 16) and Declaration of Todd Siemers in Support of Kraken's Opposition ("Siemers Declaration") (ECF No. 16-4) pursuant to Local Rule 79-5.[1]

In accordance with the limited redactions identified in Kraken's Amendment to its Motion to File Under Seal (ECF No. 19), Kraken seeks only the continued sealing of the following identified portions of the Government's Response and the Second Cincotta Declaration[2]:

//

//

//

---

[1] Kraken filed its Opposition and the Siemers Declaration in redacted form on April 21, 2023. It subsequently filed an initial Administrative Motion to File Under Seal Portions of Its Opposition to Petition to Enforce Internal Revenue Service Summons and Supporting Declaration ("Initial Motion to File Under Seal") (ECF No. 17). Since that time, Kraken significantly narrowed the portions of these documents which it seeks to file under seal, as identified in its Amendment to its Motion to File Under Seal Portions of Its Opposition to Petition to Enforce Internal Revenue Service Summons and Supporting Declaration ("Amendment to Motion to File Under Seal") (ECF No. 19).

[2] For clarity, the Government's Motion to Consider Sealing appears to encompass information that Kraken initially designated as confidential, but which it now no longer seeks to keep under seal, as reflected in its Amendment to Motion to File Under Seal. For this reason, Kraken identifies below the portions of the Government's documents for which it seeks continued sealing and which portions it does not. For the Court's ease of reference, Kraken would be happy to submit to the Court copies of the Government's Response and the Second Cincotta Declaration with updated highlighting to reflect the remaining portions of those documents for which Kraken seeks continued sealing.

| Government Document | Portions For Which Kraken Seeks Continued Sealing | Portions For Which Kraken Does Not Seek Sealing |
|---|---|---|
| United States' Response to Payward Ventures Inc.'s Opposition to Petition to Enforce Internal Revenue Summons (ECF No. 21) | Page 11, lines 7 through the first half of 9<br>Page 12, fn. 16, lines 21-22 | Page 5, fn. 6, lines 25-28 Page 10, lines 10-11<br>Page 10, fn. 15, lines 27-28<br>Page 11, second half of line 9 through line 13<br>Page 11, line 25<br>Page 12, lines 2-3<br>Page 13, lines 15 and 17 |
| Second Declaration of Karen Cincotta in Support of United States' Petition to Enforce Internal Revenue Summons (ECF No. 21-1) | Page 18, ¶ 69, lines 20-21 | Page 17, ¶ 63, lines 9 and 11<br>Page 18, ¶ 69, lines 18-19<br>Page 25, ¶101, lines 7 and 9 |

A party seeking to keep judicial records under seal must demonstrate "good cause" or "compelling reasons" for doing so. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). "Under the 'compelling reasons' standard, a district court [] weigh[s] 'relevant factors,' [and] base[s] its decision on a 'compelling reason.'" *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 679 n.6 (quoting *Hagestad*, 49 F.3d at 1434).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 (1978)). "Nonetheless, access to judicial records is not absolute [and] [a] narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (citing *Times Mirror Co. v. U.S.*, 873 F.2d 1210, 1219 (9th Cir. 1989)). "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used [...] as sources of business information that might harm a litigant's competitive standing[.]" *Nixon*, 435 U.S. at 598 (internal citations omitted).

1       Here, the sealing of the information identified above is supported under the "good cause" and "compelling reasons" standards.  These portions reflect Kraken's confidential and proprietary business information regarding Kraken's IT system and processes.  For the reasons set forth in Kraken's Initial Motion to File Under Seal and its Amendment to the Motion to File Under Seal, and the supporting declarations, this information should be sealed.

      For the foregoing reasons, Kraken respectfully requests the Court continue sealing the portions of the Government's Response and the Second Cincotta Declaration as identified above and place in the public record redacted versions of those materials.

Respectfully submitted,

Dated: May 16, 2023

By: */s/ Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
AMANDA H. RUSSO (SBN 319617)
ARusso@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Respondent
PAYWARD VENTURES, INC., d/b/a
KRAKEN OR KRAKEN.COM